Roseanne **BARNES**, Plaintiff—Appellant,

v.

**GE SECURITY, INC.; General Electric Company; GE Interlogix Inc.; GE Infrastructure, Defendants—Appellees.**

No. 08–35486.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2009.

Filed June 18, 2009.

Michael J. Ross, Slater Ross, Portland, OR, for Plaintiff–Appellant.

Carol J. Bernick, Kevin Hisashi Kono, Davis Wright Tremaine, LLP, Portland, OR, for Defendants–Appellees.

Before: GOODWIN, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM *

Roseanne Barnes ("Barnes") appeals the summary judgment in favor of GE Security, Inc., and related defendant companies ("GE"). Barnes argues that summary judgment was inappropriate because genuine issues of material fact exist as to whether GE terminated her in retaliation for her use of the workers' compensation system or because she was disabled, whether GE failed to grant her a reasonable accommodation for her disability, and whether GE's justification for terminating her was pretext. We have jurisdiction under 28 U.S.C. § 1291. We review "the district court's grant of summary judgment de novo, drawing all reasonable inferences supported by the evidence in favor of . . . the nonmoving party," *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1167 (9th Cir.2007), and we affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I. Barnes's workers' compensation claim

Barnes alleged that GE unlawfully terminated her because she invoked the workers' compensation system. *See* Or. Rev.Stat. § 659A.040. Although the evidence indicates that Barnes invoked the workers' compensation system and suffered an adverse employment action, she cannot establish that GE terminated her because of her workers' compensation claim. *See Stanich v. Precision Body & Paint, Inc.*, 151 Or.App. 446, 457, 950 P.2d 328 (Or.Ct.App.1997), *abrogated on another ground by Barackman v. Anderson*, 214 Or.App. 660, 167 P.3d 994 (Or.Ct.App. 2007). GE put forth evidence establishing that Barnes was in violation of its attendance policy, that it informed her of the violations, and that it warned her that continued absences would result in termination. GE also submitted comparative evidence showing that of the 67 employees terminated between January 1, 2004 and April 2007, only one had filed a workers' compensation claim in the year prior to termination, and that fourteen were terminated because of attendance policy violations. Barnes has attempted to show that GE's asserted reason was pretext because her termination occurred after she began pursuing a workers' compensation claim. She also asserts that a statement by GE in her termination letter acknowledged her health concerns. She also makes an unsupported allegation that GE did not follow its attendance policy when it made the decision to terminate her employment. In light of the evidence that GE presented, however, we conclude that Barnes has failed to raise a genuine issue of material fact as to pretext through either direct

evidence of discriminatory motive or indirect evidence that would undermine GE's articulated reason for her termination. *See Noyes,* 488 F.3d at 1170–71. She was fired for failing to report to work.

## II. Barnes's disability discrimination claim

Barnes also alleged that GE terminated her employment because she was disabled or regarded as disabled, and had a record of disability. Although Barnes sued under the Oregon anti-discrimination laws, those laws are, as the district court pointed out, "similar in nearly all significant ways." *See* Or.Rev.Stat. § 659A.139. Because Barnes filed suit prior to the effective date of the Americans with Disabilities Act Amendments of 2008, the standards from *Toyota Motor Manufacturing., Kentucky, Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002), and *Sutton v. United Air Lines Inc.,* 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), govern the determination of whether she is disabled. *See Rivers v. Roadway Express,* 511 U.S. 298, 311, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994) (holding that "clear evidence of intent to impose the restorative statute 'retroactively' " is required to overcome the presumption against retroactive amendments).

Barnes testified during deposition that she had experienced two or three significant panic attacks after being diagnosed with her anxiety condition in 2000, and that she was "pretty much" able to control her condition with medication. Furthermore, Barnes received at least one promotion, a favorable performance review, and a pay increase during her employment with GE. This evidence establishes that her anxiety is largely controllable with medication and does not prevent or severely restrict her from working, or doing any other daily activities of central importance to her life. Therefore, Barnes has failed to raise a genuine issue of material fact that this impairment is substantially limiting. *See Williams,* 534 U.S. at 198, 122 S.Ct. 681; *Sutton,* 527 U.S. at 475, 119 S.Ct. 2139; *Washburn v. Columbia Forest Prods., Inc.,* 340 Or. 469, 474, 134 P.3d 161 (Or.2006).

Barnes's arguments that GE regarded her as disabled and that she had a record of disability fail for similar reasons. None of the evidence that Barnes submitted indicated that GE believed that her anxiety substantially limited her in a major life activity such as her ability to work. *See Walton v. United States Marshals Serv.,* 492 F.3d 998, 1006 (9th Cir.2007). Although the documents related to the period of short-term disability leave that Barnes took from December 2000 through January 2001 indicate that GE may have been aware of her anxiety, Barnes's failure to raise a genuine issue of material fact of whether her anxiety is a substantially limiting impairment necessarily means that any record of it "would not meet the requirements of" the ADA. *Id.* at 1011.

## III. Barnes's reasonable accommodation claim

Because Barnes has failed to raise a genuine issue of material fact as to whether she was disabled within the meaning of Oregon law, she cannot establish that she was entitled to a reasonable accommodation. *See* 42 U.S.C. § 12112(b)(5)(A) (making it unlawful to refuse a reasonable accommodation to "an otherwise qualified individual *with a disability*") (emphasis added); Or. Rev. Stat § 659A.112(2)(e).

Therefore, the district court's grant of summary judgment is

**AFFIRMED.**